# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL H. WOODWARD,<br><br>Plaintiff,<br><br>v.<br><br>W. KOKOR, et al.,<br><br>Defendants. | Case No. 1:17-cv-00722-BAM (PC)<br><br>**SCREENING ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 10) |

Plaintiff Daniel H. Woodward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 14, 2017, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 7.) Plaintiff has consented to the magistrate judge jurisdiction. (ECF No. 6.) Plaintiff's first amended complaint, filed on July 26, 2017, is currently before the Court for screening. (ECF No. 10.)

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. Plaintiff names the following defendants: (1) Dr. W. Kokor; (2) C. Cryer, Chief Executive Officer, SATF; and (3) J. Lewis, Deputy Director, Policy and Risk Management, California Correctional Health Care Services. Plaintiff's allegations are as follows:

On approximately August 28, 2016, Plaintiff underwent orthoscopic surgery on his left knee. Dr. Paik, an orthopedic surgeon, performed the surgery. Post-surgery, Dr. Paik prescribed Osteo Bi-Flex, stating it would best promote the joint healing process. After not receiving the prescribed medication, on September 9, 2016, Plaintiff submitted a CDC 7362 asking why he had not received

2

it. On September 10, 2016, Plaintiff received a reply from RN Lune, indication that Plaintiff "no longer had an order for Osteo Bi-Flex." (ECF No. 10 at p. 9.) The following day, Plaintiff went to the E-Facility Health Clinic to inquire as to why he no longer had an order for Osteo Bi-Flex. Plaintiff was informed that his primary care provider ("PCP") had cancelled the order. In late September, Plaintiff had a follow-up with Dr. Paik, during which he re-prescribed the Osteo Bi-Flex.

In early October, Plaintiff met with his PCP, Dr. Kokor. During the meeting, Plaintiff asked why he was no receiving the prescribed Osteo Bi-Flex. Dr. Kokor replied, "That's holistic medicine, and there's no proof that it works. I don't believe it works for joint health." (ECF No. 10 at p. 9.) Plaintiff responded, "Even when it's prescribed by my ortho specialist?" (Id.) Dr. Kokor then seemed to become enraged, exclaiming "I'm the primary care physician!" (Id.)

On October 10, 2016, Plaintiff submitted a CDCR 602 HC Appeal, alleging, amongst other things, that Dr. Kokor's decision was not based on sound medical knowledge—especially given that Osteo Bi-Flex had been deemed the appropriate treatment by not only Dr. Paik, but also the Board of Orthopedic Surgeons, the American Medical Association and the American Medical Journal. Plaintiff also alleged that Dr. Kokor's denial was causing unnecessary pain and a reduction in Plaintiff's abilities to perform daily functions.

On December 6, 2016, Plaintiff was interviewed by M. Carrasquillo, RN. During the interview, she stated her belief that she had seen a memo regarding Osteo Bi-Flex being banned by the CDCR. Plaintiff asked to see the memo. RN Carrasquillo replied that she did not have a copy and only thought she had seen it. Plaintiff asked to be provided a copy of the memo, and RN Carrasquillo replied that she would make sure that Plaintiff received it. That never happened.

On December 9, 2016, Plaintiff's health care appeal was denied at the Institutional Level by C. Cryer, C.E.O. of SATF. The denial stated, amongst other things, that "[G]lucosamine, a key ingredient component in Osteo Bi-Flex was banned for purchase by California Correctional Health Care Services. There is no alternative supplement available that contains the components of Osteo Bi-Flex (chondroitin and glucosamine)." (Id. at p. 10.) Plaintiff alleges that this statement was made despite the fact that Osteo Bi-Flex and similar products containing glucosamine, such as

Ultimate Nutrition's Glucosamine Chondroitin MSM, Mason Natural's Glucosamine Active, and Nature's Blend Glucosamine Chondroitin Complex are readily available, without restriction, through the quarterly package companies utilized by CDCR.  Plaintiff also alleges that Defendant Cryer stated "health care personnel not employed by this department are not authorized to order treatment for an inmate-patient.  Such persons may offer opinions and recommendations…." (Id.) Plaintiff alleges that this statement was made even though Dr. Paik was a specialist contracted by CDCR and was therefore employed by the department.

On December 27, 2016, Plaintiff resubmitted his appeal for a Headquarters' Level Response.  On March 16, 2017, Plaintiff's health care appeal was denied by J. Lewis, Deputy Director of Policy and Risk Management Services.  Defendant Lewis reiterated the assertion that "glucosamine supplements, such as Osteo Bi-Flex, are considered banned over-the-counter items…" (Id. at p. 11.)

Plaintiff asserts that the extreme intermittent pain he suffered post-surgery has progressed into extreme constant pain.  He is unable to exercise in a meaningful way because he cannot bend his left knee past a 10% flexation without his entire leg collapsing.  He also cannot climb into his top bunk without experiencing excruciating pain.  Plaintiff contends that post-surgery care directed by Dr. Kokor included Tylenol, Naproxin and Motrin pain relievers, all of which Plaintiff continually informed Dr. Kokor were ineffective and as evidence by Dr. Kokor continually changing the medications.  Dr. Kokor also prescribed limited physical therapy for three months, which was equally ineffective.

Plaintiff alleges that despite having submitted numerous CDCR 7362s, Dr. Kokor saw Plaintiff "only once since October, which occurred in late April." (Id. at p. 11.)  At this meeting, Dr. Kokor refused to acknowledge that Plaintiff was in pain and dismissed his complaints as being in his head.  Plaintiff also reiterated his request for the Osteo Bi-Flex, suggesting that if the joint healed properly it would alleviate the pain.  At this, Dr. Kokor seemed to become enraged, stating "I don't want to hear about that holistic shit again."  (Id.)

Plaintiff alleges that Dr. Kokor violated his right to adequate health care with deliberate indifference to Plaintiff's serious medical needs by denying Plaintiff prescribed medications "based

on personal bias rather than sound medical knowledge and his want to assert his own authority." (Id. at p. 6.) Plaintiff alleges that Defendant Cryer violated "Plaintiff's right to adequate health care with deliberate indifference to Plaintiff's serious medical needs by denying Plaintiff prescribed medications based, wrongfully, on said medications being banned by the California Correctional Health Care Services." (Id.) Plaintiff further alleges that Defendant Lewis "violated Plaintiff's right to adequate health care with deliberate indifference to Plaintiff's serious medical needs by denying Plaintiff prescribed medications based, wrongfully, on said medications being non-formulary and banned by the California Correctional Health Care Services." (Id.)

As relief, Plaintiff seeks general and punitive damages, along with injunctive relief.

**III.     Discussion**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The indifference must be substantial, and "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 S. Ct. 1970 (1994).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendants Kokor, Cryer and Lewis for failing to prescribe Osteo Bi-Flex as recommended

by Dr. Paik. At best, Plaintiff has alleged a disagreement regarding the utility of Osteo Bi-Flex for treatment of Plaintiff post-surgery "A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to show that course of treatment chosen by defendants was medically unacceptable under the circumstances or in conscious disregard to an excessive risk to Plaintiff's health. Indeed, Plaintiff admits that Defendant Kokor prescribed various pain medications, along with physical therapy to treat Plaintiff's condition post-surgery. There is no indication that Defendant Kokor or any other defendant failed to provide medical treatment for Plaintiff's knee in conscious disregard of an excessive risk to his health. Even assuming that defendants erred in their treatment methods, however, an Eighth Amendment claim may not be premised on negligent treatment by a physician. Estelle, 429 U.S. at 06; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Further, according to Plaintiff's own allegations, Defendants Cryer and Lewis believed that Osteo Bi-Flex was a non-formulary item banned by the California Department of Corrections and Rehabilitation.

To the extent Plaintiff disagrees with the actions of Defendants Cryer and Lewis in response to his inmate appeal, this is not sufficient to give rise to any claim for relief under section 1983. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

///

**IV. Conclusion and Order**

For the reasons identified above, the Court finds that Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against the named defendants. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, this action is HEREBY DISMISSED based on Plaintiff's failure to state a cognizable claim for relief pursuant to 28 U.S.C. §1915A(b)(1). This terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **October 16, 2017**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE